Filed 1/14/22  P. v. Aguirre CA2/4
Opinion following rehearing

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B307367 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA087922) |
| v. | |
| JOSE PHILLIP AGUIRRE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tammy Chung Ryu, Judge.  Affirmed.

John P. Dwyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Appellant Jose Phillip Aguirre appealed from the trial court's denial of his petition for resentencing filed under Penal Code section 1170.95.[1]  It is undisputed that in 2008, Aguirre was convicted of murder under the provocative act doctrine.  Accordingly, the trial court denied appellant's petition, finding section 1170.95 permitted only those convicted under the felony murder rule or natural and probable consequences doctrine to petition for resentencing. On appeal, appellant argued the court erred in finding him ineligible for relief because his murder conviction was based on a theory of imputed malice, which would be impermissible under the current version of section 188.  We concluded that by its express terms, resentencing under section 1170.95 was available only to those convicted under the felony murder rule or the natural and probable consequences doctrine, and that provocative act murder was neither.  We therefore affirmed the court's denial of appellant's petition.

In October 2021, the governor signed Senate Bill No. 775 (2020-2021 Reg. Sess.) (SB 775), which, among other things, amended section 1170.95 to provide that a person convicted of murder under a "'theory under which malice is imputed to a person based solely on that person's participation in a crime'" could petition for relief.  Shortly thereafter, appellant petitioned for rehearing, contending that because his judgment would not be final before the

---

[1]     Undesignated statutory references are to the Penal Code.

effective date of SB 775 (January 1, 2022), we should reconsider his appeal under the new law.  We directed the People to file an answer to appellant's petition and, after considering both the petition and answer, granted appellant's petition for rehearing.  Having reconsidered the matter, we conclude that appellant is not entitled to relief under the amended section 1170.95, and therefore reaffirm the court's denial of his petition.

## STATEMENT OF RELEVANT FACTS

### A.    *Underlying Crime*

In November 2006, appellant, along with David Edward Santos and Anthony Gurule, went to the house of Walter Dominguez to extort money from him.  (*People v. Aguirre* (Jun. 15, 2010, B210958) 2010 Cal.App.Unpub. LEXIS 4468, *3-*5 (*Aguirre I*).)  After Dominguez refused their demand, Gurule punched him, and Dominguez drew a gun.  (*Id.* at *6.)  In response, Santos drew his gun and it discharged.  (*Id.* at *10.)  In the ensuing melee, Dominguez shot and killed Gurule, Dominguez shot appellant, and appellant shot Dominguez.  (*Id.* at *6-*9.)

In June 2008, appellant and Santos were charged with, among other crimes, the murder of Gurule and the attempted extortion of Dominguez, both counts accompanied by allegations of firearm use.  (*Aguirre I, supra*, 2010 Cal.App.Unpub. LEXIS 4468 at *1, *2.)  As neither defendant had shot Gurule, the prosecution proceeded on a

theory that they were guilty of Gurule's murder under the provocative act doctrine. (*Id.* at *25.) A jury convicted appellant on both counts and found true the firearm allegations. (*Id.* at *2, *25.) The court sentenced him to 35 years to life for the murder (15 years to life for murder, enhanced by 20 years for using a firearm), and another consecutive term of 8.5 years for the attempted extortion. (*Id.* at *1, *3, fn. 2.) Appellant appealed his conviction, and we affirmed. (*Id.* at *61.)

### B. *Petition for Resentencing*

In May 2019, represented by counsel, appellant filed a petition for resentencing under section 1170.95, arguing he was entitled to relief because he had been convicted under the natural and probable consequences doctrine. In November 2019, the People opposed the petition, urging the court to deny relief because: (1) appellant was convicted under the provocative act doctrine, which is different from the natural and probable consequences doctrine; (2) under the provocative act doctrine, appellant necessarily acted with malice in the murder of Gurule; and (3) appellant acted with malice in engaging in his own "malice-filled provocative acts" by firing a gun at Dominguez. In his May 2020 reply brief, appellant acknowledged that he "was convicted of murder under the provocative act murder doctrine alone."

In July 2020, the court denied appellant's petition, finding him ineligible for relief because "Section 1170.95 permits defendants convicted of murder under the felony

4

murder rule or natural and probable consequences doctrine to petition for resentencing . . . . However, in this matter, [appellant] was not convicted under either of these two theories, but instead was convicted under the provocative act doctrine. . . . The Court of Appeal specifically distinguished provocative act murder doctrine from the felony murder rule. . . . Moreover, provocative act murder requires proof of malice, which distinguishes it from natural and probable cause murder. [¶] [Appellant], therefore, is not entitled to resentencing under Section 1170.95." Appellant timely appealed.

### C. *Initial Decision on Appeal; Petition for Rehearing*

In September 2021, we affirmed the trial court's denial of appellant's petition, concluding that "[b]y its express terms, resentencing under section 1170.95 is available only to those convicted under the felony murder rule or the natural and probable consequences doctrine; provocative act murder is neither." (*People v. Aguirre* (Sep. 28, 2021, B307367) 2021 Cal.App.Unpub. LEXIS 6167, *1-*2.)

The following month, our Governor signed SB 775 into law, which became effective on January 1, 2022. (Stats. 2021, ch. 551, § 2.) Among other things, SB 775 amended section 1170.95 to provide relief for individuals convicted of "murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime

5

. . . ." (Stats. 2021, ch. 551, § 2.)  A week later, appellant filed a petition for rehearing, arguing he was entitled to relief under the new section 1170.95, which permits relief to those convicted of murder under a "theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ."[2]  At our direction, the People filed an answer.  We granted the petition on October 28, 2021 and deemed the cause resubmitted on November 8.

## DISCUSSION

### A.  *Governing Law*

"Under the theory of provocative act murder, the perpetrator of an underlying crime is held liable for the killing of an accomplice by a third party.  [Citation.] . . . Reduced to its essence, the theory of provocative act murder may be stated as follows: '[W]hen the perpetrator of a crime—with a conscious disregard for life—intentionally commits an act that is likely to result in death and the crime victim kills in reasonable response to that act, the perpetrator is guilty of murder.'"  (*People v. Mejia* (2012) 211 Cal.App.4th 586, 602).  "A murder conviction under the provocative act doctrine . . . requires proof that the

---

[2]     Appellant also requested we take judicial notice of three documents from the legislative history of SB 775.  As these documents have no relevance to the outcome of this appeal, we deny the request.

6

defendant personally harbored the mental state of malice . . . ." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 655.)

"In 2018, the Legislature enacted Senate Bill No. 1437 . . . ." (*People v. Gentile* (2020) 10 Cal.5th 830, 838.) "Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*Id.* at 842.) Among other things, it "added section 188, subdivision (a)(3) (section 188(a)(3)): 'Except [for felony-murder liability] as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.'" (*Id.* at 842-843.) Senate Bill No. 1437 also "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief.'" (*People v. Gentile, supra,* at 843.) Because a person may not be convicted under the provocative act murder doctrine by imputed malice, the change to section 188 did not affect those convicted under that doctrine, and those convicted under that doctrine are ineligible for relief under section 1170.95. (*People v. Lee* (2020) 49 Cal.App.5th 254, 258, review granted Jul. 15,

2020, review dismissed Nov. 23, 2021, S262459[3] ["Provocative act murder requires proof of malice, which distinguishes it from felony murder and natural and probable consequences murder. Lee therefore is not entitled to resentencing under section 1170.95"].)

In October 2021, the Governor signed SB 775. As pertinent here, SB 775 modified section 1170.95 to state that a person convicted of murder under a theory where malice was imputed based solely on that person's participation in a crime could petition for relief. (§ 1170.95, subd. (a) ["A person convicted of felony murder or murder under the

---

[3] The grant of review in *Lee* stated: "Further action in this matter is deferred pending consideration and disposition of a related issue in *People v. Lewis*, S260598 (see Cal. Rules of Court, rule 8.512(d)(2)), or pending further order of the court." (*People v. Lee*, S262459, Supreme Ct. Mins., Jul. 15, 2020.) The issues in *Lewis*, S260598, were: "May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95?" and "When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)[?]" (*People v. Lewis*, S260598, Supreme Ct. Mins., Mar. 18, 2020.) The dismissal of review in *Lee* stated: "Review in the above-captioned matter, which was granted and held for *People v. Lewis* (2021) 11 Cal.5th 952 [281 Cal.Rptr.3d 521, 491 P.3d 309], is hereby dismissed. (Cal. Rules of Court, rule 8.528(b)(1).) As specified by rule 8.1115(e)(2) of the California Rules of Court, pursuant to this order the Court of Appeal's opinion . . . is non-citable and nonprecedential 'to the extent it is inconsistent with' our decision in *Lewis*." (*People v. Lee*, S262459, Supreme Ct. Mins., Nov. 23, 2021.)

natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] . . .[¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019"].)

**B.    *Analysis***

Both in the trial court and on appeal, appellant admitted he "was convicted of murder under the provocative act murder doctrine . . . ." Appellant argues, however, that regardless of the legal requirements for a conviction under the provocative act murder doctrine, the jury in his trial was instructed that "they could impute malice based on the natural and probable consequences of [defendant] Santos's provocative actions." Appellant claims that because "his conviction rested on a finding of imputed malice . . . [he] was eligible for relief under Penal Code section 1170.95." We disagree.

Section 1170.95 permits a petitioner to seek relief only if "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or

9

189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3); see also *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1139 [section 1170.95 "enacted to provide a procedure for defendants who were previously convicted of murder, but who could no longer be convicted because of the changes to the law enacted by Senate Bill No. 1437, to petition to vacate their convictions and be resentenced"].) Senate Bill No. 1437 did not modify the law of provocative act murder to prohibit a conviction based on imputed malice -- provocative act murder already required a finding that the defendant personally harbored malice. (See, e.g., *People v. Gonzalez*, *supra*, 54 Cal.4th at 655.)

To the extent appellant now claims he was convicted based on erroneous instructions that permitted the jury to impute malice under the provocative act murder doctrine, that claim was properly the subject of a direct appeal. As the People correctly note, section 1170.95 is not a mechanism for correcting trial errors. Thus, any infirmity in appellant's conviction would not be "because of changes to Section 188 or 189 made effective January 1, 2019." Accordingly, he cannot meet the predicate conditions for relief under section 1170.95. The superior court did not err in denying his petition.

**DISPOSITION**

The order denying appellant's section 1170.95 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

CURREY, J.